## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID VINCENT RAMIREZ,

        Plaintiff,

vs.                                                                    No. CIV 23-0316 JB/JHR

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
BERNALILLO; THE CITY OF
ALBUQUERQUE, Mayor Tim Keller; JASON
JONES, Chief at Metropolitan Detention
Center, and SERGIO SAPIEN, Assistant Chief
at Metropolitan Detention Center,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff David Vincent Ramirez'

failure to prosecute his Untitled Letter-Pleading Regarding Civil Rights Violations, filed April 12,

2023 (Doc. 1)("Letter-Pleading").   The Honorable Jerry H. Ritter, United States Magistrate Judge

for the United States District Court for the District of New Mexico, directed Ramirez to file a

complaint on the 42 U.S.C. § 1983 pleading form and to pay the civil filing fee, as 28 U.S.C.

§ 1915(a) requires.   See Order to Cure Deficiencies at 1, filed June 13, 2023 (Doc. 3)("Cure

Order").   Because Ramirez has not complied with the Cure Order, the Court dismisses this case

without prejudice.

## BACKGROUND

Ramirez commenced this case on April 12, 2023, while detained at the Metropolitan

Detention Center ("MDC") in Albuquerque, New Mexico.   See Letter-Pleading at 2.   In the

Letter-Pleading, Ramirez states that he wishes to file a lawsuit under 42 U.S.C. § 1983 and requests

forms.   See Letter-Pleading at 1.   On April 13, 2023, the Clerk's Office mailed Ramirez a blank 42 U.S.C. § 1983 civil-rights complaint and a blank motion to proceed in forma pauperis, which provides instructions regarding the civil filing fee.   See Staff Note Docket Entry, filed April 13, 2023 (no docket number).   Ramirez initially did not return the completed civil-rights complaint or pay the filing fee.

The Court referred this matter to Magistrate Judge Ritter for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed April 13, 2023 (Doc. 2).   On June 13, 2023, Magistrate Judge Ritter entered the Cure Order and set a deadline of July 13, 2023, for Ramirez to: (i) file a completed civil rights complaint; and (ii) prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period.   See Cure Order at 1.   The Cure Order warns Ramirez that the failure timely to comply with the Cure Order may result in dismissal of this case without further notice.   See Cure Order at 1.

Ramirez did not pay the filing fee, file a motion to proceed in forma pauperis, or file a civil-rights complaint by the July 17, 2023, deadline.   Additionally, MDC returned the Cure Order as undeliverable with "Return to Sender" and "Not in Custody" notations.   Returned Mail Envelope (dated June 27, 2023), filed June 27, 2023 (Doc. 4).   Ramirez did not advise the Clerk of the Court regarding his new address, as rule 83.6 of the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico requires.   See D.N.M.LR-Civ.83.6. That rule provides: "All . . . parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."   D.N.M.LR-Civ.83.6 (italics in original).

The Court, therefore, will consider whether to dismiss this matter for failure to prosecute, to comply with the Cure Order, and to comply with local rules.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it

- 3 -

must first consider certain criteria." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.</u>, 492 F.3d at 1162.   Those criteria include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

<u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.</u>, 492 F.3d at 1162 (quoting <u>Olsen v. Mapes</u>, 333 F.3d at 1204 (quoting <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Ramirez has not filed a civil-rights complaint or paid the civil filing fee, as the Cure Order and 28 U.S.C. § 1915(a) require.   Additionally, Ramirez is no longer in custody at his address of record, and he has not updated his address of record, as rule 83.6 requires.   In light of these shortcomings, the Court will dismiss the Letter-Pleading pursuant to rule 41(b) for failure to prosecute.   <u>See Olsen v. Mapes</u>, 333 F.3d at 1204.   After considering the <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u> factors, however, the Court determines that dismissal without prejudice is appropriate.   <u>See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.</u>, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) the Plaintiff's Untitled Letter-Pleading Regarding Civil Rights Violations, filed April 12, 2023 (Doc. 1), is dismissed without prejudice; (ii) this case is dismissed without prejudice; and (iii) Final Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE

- 4 -

*Parties:*

David Vincent Ramirez
Albuquerque, New Mexico

    *Plaintiff pro se*